NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. KULICK, | No. 18-56000 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-05718-PA-SS |
| v. | |
| LEISURE VILLAGE ASSOCIATION, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 22, 2018[**]

Before:      SILVERMAN, GRABER, and GOULD, Circuit Judges.

Robert J. Kulick appeals pro se from the district court's judgment dismissing

his action alleging civil rights violations and a state law claim arising from state

court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal under the *Rooker–Feldman* doctrine.  *Noel v. Hall*, 341 F.3d

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine because Kulick's action is a "de facto appeal" of a prior state court judgment, and he raises claims that are "inextricably intertwined" with that judgment. *See id.* at 1163-65 (*Rooker–Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision).

To the extent Kulick attempted to plead a state law defamation claim against Leisure Valley Association, Inc., the district court properly dismissed Kulick's claim for lack of subject matter jurisdiction because Kulick failed to allege any violation of federal law or diversity of citizenship in his complaint. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-83 (9th Cir. 2004) (addressing diversity of citizenship under § 1332).

**AFFIRMED.**